1  Patrick Dudley
   State Bar No. 204696
2  113 West G Street, Suite 405
   San Diego, CA 92101
3  patrickdudleylawoffice@gmail.com

4  Attorney for Plaintiff JESUS CASTENEDA

5  Jill Cremeans
6  State Bar No. 243606
   444 West C Street, Suite 310
7  San Diego, CA 92101
   attorneycremeans@gmail.com
8
9  Attorney for Plaintiff JOSE VILLANUEVA

10
                    UNITED STATES DISTRICT COURT
11
                   SOUTHERN DISTRICT OF CALIFORNIA
12

13
   JESUS CASTENEDA and JOSE              Case No.  **'25 CV 0836 JES  DDL**
14 VILLANUEVA,
                                         **COMPLAINT PURSUANT TO**
15           Plaintiffs,                 **THE ADMINISTRATIVE**
                                         **PROCEDURES ACT, 5 U.S.C.**
16        v.                             **§ 551, et seq.**

17
   THE UNITED STATES DRUG
18 ENFORCEMENT ADMINISTRATION, a
   Federal Agency,
19
20           Defendant.

21

22

23

24

25

26

27

28

Plaintiffs Jesus Casteneda and Jose Villanueva come before this Court requesting an order to compel Drug Enforcement Administration ("DEA") employees to testify in an ongoing California state court prosecution in San Diego County Superior Court.

## I.    PARTIES

1.    Plaintiff Jesus Casteneda is a resident of California.  He is a current defendant in case number SCS304369 which is an ongoing California state court prosecution in San Diego County Superior Court.

2.    Plaintiff Jose Villanueva is a resident of California.  He is a current defendant in case number SCS304369 which is an ongoing California state court prosecution in San Diego County Superior Court.

3.    The United States Drug Enforcement Administration is a federal agency.

## II.    JURISDICTION

4.    This Court has jurisdiction and Plaintiffs are proceeding in this matter pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, et seq.

## III.    FACTUAL & PROCEDURAL BACKGROUND

5.    This case has a long procedural history that has involved substantial criminal and civil litigation in both state and federal trial and appellate courts.

6.    According to hearsay testimony at a state court preliminary examination, on January 8, 2018, a group of men showed up at a National City car lot managed by Eduardo Gonzalez Tostado, a long-time and well-known contracted DEA informant, and eight vehicles and a boat were taken from the lot.  This incident occurred at a lot where Mr. Tostado stores vehicles he purchases at auto auctions.  Mr. Tostado alleged that he posted an advertisement for the sale of a Honda Civic and was contacted by a person named "Manny" who wanted to see the car at his lot.  Mr. Tostado went to the lot with his son to meet him.  When he arrived at the lot, he saw the individual "Manny" with an unknown male and one of his employees.  Mr. Tostado subsequently identified "Manny" as defendant Daniel Gracia, and the person with him, as defendant Ricardo Eaton.  While they were talking, a BMW X5 arrived and it was followed into the lot by a Ford Expedition.  Mr. Tostado reported that defendants Mario Aguilera and Jesus

Casteneda (both of whom Mr. Tostado previously knew) exited the BMW.  Mr. Tostado indicated that other four individuals exited from the Ford:  defendants Jose Villanueva, William Sherman, Mr. Tostado's former mechanic, Sergio, and an unknown male.

7.     Mr. Tostado asserted that Mr. Gracia and Mr. Eaton grabbed a hold of his arm and controlled his movement, and then Mr. Casteneda and Mr. Aguilera approached and demanded money for a marijuana deal in 2017 that fell through.  Mr. Tostado alleged that Mr. Casteneda told him that he was going to kidnap him and take him to Mexico while Mr. Aguilera was standing next to him and Mr. Eaton and Mr. Gracia were holding his arm.

8.     At this point, according to Mr. Tostado, he offered vehicles in lieu of money. Eight vehicles and one boat were taken from the lot.  These were vehicles that Mr. Tostado indicated he had purchased at auto auctions, and he intended to sell in Mexico.  He did not have title to the vehicles.  Mr. Tostado asserted that he gave up the vehicles in fear for his safety and the safety of his son.

9.     National City Police Department Detective Nicholas Matthews testified that there was a delay between the alleged incident date and when his department was contacted to report the alleged crime.  Detective Matthews was initially contacted by Mr. Tostado's DEA "handler," DEA Agent Mario Barboa, and another DEA Agent Sean Gaines approximately four days after the alleged incident. After those contacts, Detective Matthews eventually interviewed Mr. Tostado.  During his interview, Mr. Tostado admitted that he had agreed to participate in a 250 kilogram marijuana deal in 2017.  Mr. Tostado admitted that he was the "middle man" in the deal and was supposed to coordinate the shipment to the United States from Tijuana.  However, the marijuana never made it to the United States. Mr. Tostado alleged that Mr. Casteneda was holding him accountable for the botched marijuana shipment, and therefore, his vehicles were taken from his lot on January 8, 2018.

10.     On November 28, 2018, Jesus Casteneda and Jose Villanueva were charged with four other co-defendants (William Lewis Sherman, Mario Ivan Aguilera, Ricardo Eaton, and Daniel Hayes Gracia) in a 14-count information in case number SCS304369 in San Diego

1    County Superior Court with various felony and misdemeanor charges including carjacking and

2    robbery charges.

3        11.    Subsequently, Plaintiffs filed a motion to dismiss the criminal case against them

4    citing a violation of the prosecution's obligations under *Brady v. Maryland* (1963) 373 U.S. 83

5    (*Brady*) because of the prosecution's failure to disclose requested materials about Mr. Tostado

6    and his interactions with his DEA agent "handlers" or make those DEA agents available to

7    testify.  The Honorable Theodore Weathers, judge of the San Diego County Superior Court,

8    granted the motion to dismiss.  The prosecution refiled the complaint.  After a preliminary

9    examination, the Plaintiffs filed another motion to dismiss under the same rationale as the

10   previous motion to dismiss.  A second judge, the Honorable Garry Haehnle, granted the second

11   motion to dismiss.  The prosecution appealed the dismissal to the California Court of Appeal,

12   Fourth Appellate District, Division One which reversed the trial court's dismissal order and

13   noted that the Plaintiffs could appeal the *Touhy* request letter denial pursuant to the APA

14       12.    On May 31, 2022, in case number 22-CV-781-AGS-MMP, plaintiffs Jesus

15   Casteneda and Jose Villanueva filed a complaint against the defendant United States Drug

16   Enforcement Administration under the Administrative Procedures Act ("APA") in order to

17   compel the testimony of several DEA employees based on the denial of a *Touhy* request letter

18   made by a previous co-defendant's (in case number SCS304369) attorney.

19       13.    On March 4, 2024, this Court granted the Defendant's motion for summary

20   judgment on the issue of requesting the "oral testimony" of the DEA agents here.  On page 3 of

21   its order, this Court stated: "When a federal agent's "oral testimony" is subpoenaed for a state

22   criminal proceeding, "the party seeking the testimony" or "his attorney" must submit to the U.S.

23   Attorney an affidavit or statement "setting forth a summary of the testimony sought and its

24   relevance to the proceeding." 28 C.F.R. § 16.22(c). Plaintiffs have offered no evidence that they

25   complied with this requirement. In their complaint, they assert that a codefendant's attorney in

26   their criminal case submitted the required *Touhy* request "on behalf of his client and [plaintiffs]."

27   (ECF 1, at 4.) But the attorney's affidavit suggests nothing of the kind. (*See* ECF 35, at 91–94.)

28   The attorney states that he represents only the codefendant, not anyone else. (*See id*. at 91, 94.)

COMPLAINT PURSUANT TO THE ADMINISTRATIVE PROCEDURES ACT, 5 U.S.C. § 551

**Because plaintiffs have not shown that they or their attorneys made a *Touhy* request, the DEA justifiably refused to allow their agents to testify.**" (emphasis added).

14.     In light of this Court's ruling in case number 22-CV-781-AGS-MMP, on August 13, 2024, attorneys for Jesus Casteneda and Jose Villanueva (Patrick Dudley and Jill Cremeans respectively) on behalf of their clients in the above-referenced case personally submitted a letter and affidavit in compliance with *United States ex rel. Touhy v. Ragen* (*Touhy*), 340 U.S. 462 (1951), to Assistant United States Attorney Glen Dorgan with the U.S Attorney's Office.  (A copy of each of their *Touhy* request letters are attached hereto as Exhibits 1 and 2.). Specifically, each attorney requested the oral testimony of DEA Agent Mario Barboa and DEA Agent Shawn Gaines at a jury trial in California state court case number SCS304369.

15.     Moreover, pursuant to 28 C.F.R. §16.22(c), in each of their *Touhy* letters on behalf of their clients, the attorneys forth a summary of the oral testimony sought by DEA Agent Mario Barboa and DEA Agent Shawn Gaines and its relevance to their defenses in case number SCS304369.

16.     Each *Touhy* letter requests: oral testimony from each agent regarding ALL REPORTS, CONTRACTS, AGREEMENTS WITH, AND INFORMATION REGARDING **EDUARDO GONZALEZ TOSTADO** (DATE OF BIRTH 1/15/75); ALL REPORTS, TELEPHONE RECORDS, VIDEO AND AUDIO RECORDINGS RELATED TO INFORMATION REGARDING AN ALLEGED ROBBERY, CAR THEFT WHERE **EDUARDO GONZALEZ TOSTADO** (DATE OF BIRTH 1/15/75) WAS THE ALLEGED VICTIM, COMPLAINANT, OR PERPETRATOR  ON OR ABOUT JANUARY 8, 2018; ALL DOCUMENTS, RECORDS, REPORTS THAT PROVIDE INFORMATION OR BEAR UPON THE CREDIBILITY OF **EDUARDO GONZALEZ TOSTADO** (DATE OF BIRTH 1/15/75), INCLUDING CRIMINAL RECORD, CHARGED AND UNCHARGED CRIMES THAT **EDUARDO GONZALEZ TOSTADO** (DATE OF BIRTH 1/15/75) WAS ALLEGED TO BE INVOLVED WITH.

17.     By letters dated January 14, 2025, from the U.S. Attorney's Office, Mr. Dudley and Ms. Cremeans were advised that Agents Barboa and Gaines would not be allowed to testify

and the DEA would not produce any contracts, records, statements, or reports in response to the *Touhy* request letters aside from what the DEA had already voluntarily provided to attorneys Dudley and Cremeans on behalf of their clients.  (A copy of each of these *Touhy* letter denials from the U.S. Attorney's Office are attached as Exhibits 3 and 4.)

18.    Defendant has refused to allow the DEA agents to provide the requested materials and to testify pursuant to subpoenas that have been properly noticed and served.

19.    The jury trial in the Plaintiffs' criminal case in San Diego County Superior Court is currently set for Wednesday, May 7, 2025.  In order to ensure their constitutional right to a fair trial, Plaintiffs have no other remedy but to seek the testimony of Agents Barboa and Gaines via this complaint pursuant to the APA.

20.    The Defendant's decision to prevent the DEA agents to testify pursuant to subpoenas is arbitrary and capricious.  Plaintiffs seek an order from this Court requiring the DEA agents to testify pursuant to state-issued subpoenas that have been properly noticed and served.

## PRAYER

Plaintiffs request this Court issue an order granting the following relief:

1.    That the DEA allows DEA Agents Barboa and Gaines to testify about the subject matter detailed in their respective *Touhy* request letters;

2.    That Plaintiffs be awarded all costs of suit; and

3.    That Plaintiffs be awarded all other relief that the Court deems just and proper.

Dated:  April 8, 2025

By:  */s/ Patrick Dudley /s/ Jill Cremeans*
Patrick Dudley, Jill Cremeans
Attorneys for Plaintiffs  JESUS
CASTENEDA and JOSE VILLANUEVA